23-1216 Garrett O'Boyle v. DOJ Mr. Sisny for the petitioner, Ms. Wimankova for the respondent. Good morning, Mr. Sisny. Good morning, Your Honor. Good morning. Judge Wilkins, Judge Pan, and Judge Rogers. May it please the Court, my name is Ben Sisny for the American Center for Law and Justice, and I'm here on behalf of FBI Special Agent Garrett O'Boyle. We're here because the Department of Justice insists that it can suspend the security clearance and employment of a whistleblower as retaliation for any reason with no judicial or tribunal review. We're here because the DOJ relentlessly seeks to defend its position that not just this court, but no one, no court, no judge or tribunal should be able to even hear an FBI whistleblower's argument of unconstitutional retaliation. There are two separate issues for this court's review, a constitutional issue and a statutory issue. First, for the constitutional question, the Supreme Court decision in Department of the Navy v. Egan does not deny judicial review of Special Agent O'Boyle's constitutional injuries. In fact, the Supreme Court decision from this court, Webster v. Doe, allows it. This is what happens. The FBI suspends an employee's clearance, then it suspends the employee's employment without pay. You can't look at why the employment was suspended because he has no clearance, and that's apparently a required aspect of employment. He has no clearance, but you can't look at why he has no clearance. Their position is not even the process by which they reach that decision. It's a method and process. Why did you appeal to this court instead of the federal circuit? In our view, the All Circuits Review Act allowed it, first off, but maybe more to Your Honor's question. This court's jurisprudence has more favorably viewed the exception to the constitutional exception to the Egan decision over the years. And I go back to the Greenberg decision in 93, the Gill decision. We thought our case law was more favorable to you, but the statute seems pretty clear to me that you can only be here under certain circumstances. And one of them is if you raise a challenge to a prohibited personnel practice described in Section 2302 and a bunch of subsections of 2302, but that section excludes the FBI. So I would contend, Your Honor, that. Well, first off, 23021A defines prohibited personnel practices for the entire title, all of Title V, which includes 230203, 7701, and the All Circuits Review Act 7703. But the statute in 7701 and 7703 uses the term described in. So describing a prohibited personnel practice, essentially whistleblower retaliation or reprisal, is described in 2302. Again, for the sake of the entire title, not just the section. The FBI is excluded from just the next section. And so. If an FBI employee. I'm sorry, it's a personnel action that's taken by an agency, but then it defines an agency to mean an executive agency, but does not include the Federal Bureau of Investigation. So it seems that Mr. O'Boyle's claims don't fall within the statute. I contend that they do, respectfully, Your Honor, because he's alleging conduct that is that which is described in or consistent with what's described in 2302. It doesn't. The 7701 and 7703 do not say, you know, a federal employee who brought an action pursuant to or governed by or authorized by 2302. It just says if they can describe conduct. Or if they can, if they raise conduct that was described in and jurisprudence generally recognizes the distinction between described in Congress's use of described in versus authorized by. Even if we kind of take your point that described in might have a broader meaning or a different meaning than pursuant to. We don't just, you know, determine what a statute means by parsing one word. We look at the whole context. And the whole context here is that Congress wanted the FBI to kind of go through a different administrative route and a different route of review than other executive department employees. That's the overall context here. So, if that's the context, you have to point to some pretty strong evidence to kind of rebut that context. And I don't know that hanging your hat on the described by is sufficient. Well, I don't hang it solely on the described in. But your honor mentions context and part of the context here is very much and it's reflected in the legislative history that we address more at length in our briefs. Congress was in this goes to your honor. Judge Penn's question as well. Congress was displeased with the federal circuit in the trend of restriction of whistleblower protections. That's reflected in the in their legislative history and they wanted to expand. Review judicial review to other circuits in one of one of the phrasings and legislative history is to create a circuit split in a sense. So that the circuits could all sort of check each other. So, it wasn't just a monopoly by the federal circuit. They wanted to expand access to judicial review your honor after the administrative process. I can see there's a separate administrative process for FBI employees, but we're talking about. But then shouldn't Congress have included 2303 within this provision and said that other circuits can review matters from 2303. That was with respect to 770. It was 7701 and 7703. I believe the legislative history making the all circuits review act permanent after it's five-year probationary period. But I'm just I guess my question is just there seems to be a separate provision and procedure that FBI agents are supposed to follow. And that's described in a different statute, which is 2303 and you're trying to rely on all these provisions that talk about 2302 by saying it's similar. But it just seems like if Congress had intended for these types of claims to to be encompassed by the all circuits review act, they would have included 2303. I contend that Congress. It certainly could have been clearer, but it was clear enough in the plain language of alleging action described in 2302, which again describes it for the entire title. It was I mean, it had to point somewhere for that definition, but was described in there doesn't include the FBI. I think and I think two points that your honors are making as well is that I stand on the plain language of the statute, but I. If there's an ambiguity, which I understand the argument that there is. But that if Congress could have done it more clearly, if we think it's clear, should we transfer this case to the federal circuit? I believe that's in the within this court's prerogative to do that. If we don't do that, you don't get an appeal. Is that correct? Because all your time has run out to appeal. So, the only way to preserve your right to appeal if we think we don't have jurisdiction is to transfer it to the federal circuit. That's that's probably correct. If I'm understanding your honor. Well, it's correct that you cannot if we decide that we have no jurisdiction and we don't transfer it. It's too late for you to appeal this ruling to the federal circuit, isn't it? Oh, to the federal. Yes. Yes, your honor. I believe it would need to be transferred to maintain the chain of jurisdiction. Judge Rogers, do you have any questions? No, thank you. I don't know if you wanted to save any time for rebuttal. We'll give you a little bit if you want to just wrap up. Yes, I'll wrap up briefly, your honor. We just we asked, of course, the court to overturn the marriage system protection board decision to give special agent of oil his day in court full day in court so that his constitutional claims can be heard as well. And I'd like to reserve just a minute for rebuttal if I could. All right, we'll give you some time. Thank you, your honor. Good morning, Miss Coleman. Good morning, your honor. Get myself situated here in one second. Good morning, your honor. May it please the court. Although in order to prevail in this appeal, Mr. will has to run the table on all four of the issues that we identified in our briefing. I think the simplest and most straightforward resolution for the court is that this petition was filed in the wrong court. It belongs in the federal circuit if it belonged anywhere, but but not in this court. And, you know, the, the, the language in the 7th section 7703 makes clear that in order for this court to have jurisdiction, there has to be the disposition of an allegation of a prohibited personnel practice described in section 2302 B8 or a subset of B9 and actions taken by the FBI. Simply cannot be described in either of those sections. Section 2302 doesn't define personnel action or prohibited personnel actions for the entire title. It is quite specific for purposes of this section. It defines personnel action, and it defines them specifically by reference to with respect to an employee in or applicant for a covered position in an agency and actions taken by an agency. And the definition of agency for purposes of 2302 specifically categorically excludes the Federal Bureau of Investigation. So, sort of, just as a matter of the English language actions taken by the FBI can't be described in these sections. And therefore, this court does not have jurisdiction over over this petition to Japan. Your question in terms of whether it should be transferred or dismissed. I think that's within the court's discretion. Certainly, I think any of the other issues that were raised in our briefing would be sufficient for the court to conclude that it is not in the interest of justice to transfer the case and to just to dismiss it outright. But I would agree that it would be within the court's discretion to transfer or dismiss if it agrees. Aren't these, aren't these substantial questions that, you know, merit, you know, substantive review by some court? So, how is it in the interest of justice for us to say, no, we're not even going to transfer it so that the Federal Circuit can take a look at this issue? Sure. Well, for example, one of the arguments we make is that Mr. Wolf forfeited or waived these arguments. And if the court were to agree with us, then that then there would be no reason to transfer it to the Federal Circuit and they could just dismiss outright. But I do agree that I think if it is certainly within the court's discretion to transfer the case, if it concludes that it does not have jurisdiction. As a procedural matter, though, what you're suggesting is that we should take a peek at the merits, even though we have no jurisdiction to do so. Sure. And I think 1631 courts have recognized that it specifically allows the court to do that in the requirement that it be in the interest of justice to transfer the case. I believe sort of Judge Posner discussed that explicitly in the Seventh Circuit case that we cited that that requirement. Sort of somewhat paradoxically, but but enables the court to take a peek at the merits to to sort of ensure that, you know, we're not just burdening sister courts, you know, sister circuit courts with with petitions that are going to be immediately dismissed upon upon arrival. So I do think the court is is permitted to do that if if it was so inclined. In the peak would be from the perspective of what we think the Federal Circuit would do as far as applying their own jurisprudence with respect to waiver and forfeiture. Right? I think that's right. Yes. It's sort of a, you know, it is this say, you know, would it be in the interest of justice for the Federal Circuit to take this up? I'm happy to address any any of the other issues we raised. I don't know that they came up other than the jurisdictional one. Judge Rogers, do you have any questions? No, but I do want to clarify. I understood your question and I want to be sure council understood it that way or I'll ask it that way. Do we apply the Federal Circuit law of forfeiture and waiver as opposed to this courts? Law of forfeiture and waiver in deciding whether it would be in the interest of justice to transfer the case to the Federal Circuit. I think that probably is what makes the most logical sense to me. I don't know if that has been sort of specifically litigated, so I don't have a case in mind on that issue. But sort of just as a matter of pure logic, I think that to the extent there are any differences, it would make more sense to apply the Federal Circuit's case law because that would be where it was going. And that would be where that would be decided. Thank you. All right. Thank you. All right, Mr. Cisney, I think you only had about 30 seconds left, but we'll give you two minutes. Thank you, Your Honor. I appreciate the indulgence. I'll be brief. Just just a couple a couple of brief points is that that back to the described in phrase is that it's on its face and it's plain language of the statute. If an FBI employee alleges conduct that was described in matches that which is described in some other statute somewhere else, that that's enough on its face. That's enough. And that the interpretational aides would support that conclusion with the concerns of not restricting access to a constitutional remedy. The veterans can and these are other matters briefed more fully. But I just wanted to call the court's attention to that. And then secondly, to Judge Plager and Judge Lynn's dissent and the decision in Parkinson out of the Federal Circuit, there's a comment there that I think bears bears repeating here. And I'm quoting no amount of parsing of tangential statutes and regulatory provisions can justify a basic denial of the right to make one's best case to the designated arbiter of one's fate. And to your point earlier, Judge Penn, that the person it's it takes it takes several steps to piece together the conclusion that an FBI employee can't allege conduct that was described in twenty three or two were on its face. Just just if you just read it straight up, he can allege something and did that is what it matches what's described in twenty three or two. And again, that's not exclusive language. That's not Congress knows how to specify. We only want this FBI employee to be able to access the All Circuits Review Act if Congress wants to restrict judicial review of a constitutional remedy and must do so clearly. With that, your honor, unless there's any additional questions, I'll conclude. And again, we ask for it to reverse. Thank you very much. Thank you. Take the matter under advice.
judges: Wilkins; Pan; Rogers